STATE OF NORTH CAROLINA v. ROBERT CROSS

No. 7421SC885

(Filed 5 February 1975)

**Larceny § 7— larceny of shirts from store — sufficiency of evidence**

> The State's evidence was sufficient for the jury in a prosecution for misdemeanor larceny where it tended to show that employees of a department store saw defendant leave the store with five shirts without stopping at the cash register to pay for them, an employee followed defendant from the store and asked to see his receipt, defendant began running and dropped the shirts, the shirts were identified as belonging to the store, and after his arrest defendant asked a store employee to let him "pay for this and forget about the whole deal."

APPEAL by defendant from *Armstrong, Judge,* 13 May 1974 Criminal Session of Superior Court held in FORSYTH County.

Defendant was charged in a warrant with misdemeanor larceny of merchandise from a Sears, Roebuck and Company store. He was convicted in district court and appealed to superior court where he was given a trial *de novo.* He pleaded not guilty, was found guilty, and from judgment imposing prison sentence of not less than 18 nor more than 24 months, he appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Myron C. Banks, for the State.*

*Ira Julian for defendant appellant.*

BRITT, Judge.

Defendant's sole assignment of error is that the trial court erred in not granting his motion for nonsuit. The evidence, viewed in the light most favorable to the State, tended to show:

Around 3:00 p.m. on 10 November 1973, Sears' employees observed defendant, acting suspiciously, in the men's department of the store. Thereafter, they observed defendant leaving the store with five shirts; he did not stop at any cash register to pay for the shirts. A store employee followed defendant out of the store and an employee yelled at defendant "to see a receipt, please." Defendant began running and an employee gave chase and got to within a few feet of defendant at which time he dropped the shirts, identified as belonging to the store. Police were alerted, arrested defendant and carried him to the police station where he was identified by a Sears employee as the man

who had taken the shirts. Defendant asked the employee to "[l]et me pay for this and forget about the whole deal."

We hold that the evidence was sufficient to survive the motion for nonsuit and the assignment of error is overruled.

No error.

Chief Judge BROCK and Judge CLARK concur.